IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Greenbelt Division*

| | |
|---|---|
| IN RE:<br>Tania D Thomas<br>    Debtor | Case No. 24-13763-LSS |
| U.S. Bank National Association<br>    Movant | Chapter 13 |
| vs. | |
| Tania D Thomas<br>    Debtor | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY LOCATED AT 10034 TALLAHASSEE PLACE, WALDORF, MD 20603

COMES NOW U.S. Bank National Association (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, moves for relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to Fed. R. Bankr. P. Rules 4001, 9014, and Maryland Local Bankr. Rule 4001-1, and respectfully represents as follows:

1. Jurisdiction is based on 28 U.S.C. §§ 157 and 1334 of the United States Bankruptcy Code. The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362(d) and pursuant to Fed. Bank. Proc. Rules 9013 and 4001.

2. On or about May 2, 2024, Tania D Thomas (hereinafter "Debtor"), filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

3. Timothy P. Branigan is the duly appointed Chapter 13 Trustee of the Debtor's bankruptcy estate.

4. At the time of initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Charles County, Maryland, and improved by a residence known as **10034 Tallahassee Place, Waldorf, MD 20603** (hereinafter the "Property").

5. Movant is a secured creditor of the Debtor and the Movant's interest is evidenced by a Note dated February 9, 2021, and executed by Tania Delise Thomas, in the original principal amount of $368,207.00, with interest at the original note rate of 2.875%. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the promissory note is attached hereto.

6. Said promissory note is secured by a certain Deed of Trust also dated February 9, 2021 and recorded in the land records of Charles County, Maryland, related to the subject Property. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the deed of trust is attached hereto.

7. Movant now seeks relief from the automatic stay against the Debtor pursuant to 11 U.S.C. § 362(d) and Maryland Local Bankr. Rule 3070-1(a) for Debtor's failure to maintain post-petition adequate protection payments to Movant as required by the aforementioned promissory note and deed of trust. Maryland Local Bankr. Rule 4001-1(b)(5).

8. A statement of Debtor's accrued post-petition payment arrears, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows: (a) December 1, 2024 through February 1, 2025 in the amount of $2,314.92; (b) Less suspense balance of $59.60 (c) Movant has incurred attorney fees of $1,050 and filing cost of $199.00 associated with the present motion for a subtotal of $8,134.16

9. A statement of Debtor's accrued pre-petition payment arrearage, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows. The total pre-petition arrearage is $5,635.08. A more detailed statement of pre-petition debt is contained in Claim No. 4-1 dated June 6, 2024.

10. As of February 5, 2025, a detailed statement of debt, required by Maryland Local Bankr. Rule 4001-1(b)(1), is itemized as follows:

| | |
|---|---:|
| Unpaid Principal Balance | $339,721.04 |
| Accrued Interest | $4,176.59 |
| Escrow Advance | $6,048.06 |
| Pro Rata MIP/PMI | $236.74 |
| Total Fees | $50.00 |
| Accum Late Charges | $366.66 |
| Recoverable Balance | $11,246.00 |
| Suspense Balance | ($1,143.16) |
| Total: | $360,701.93 |

This statement of debt is not equivalent to a verified payoff statement. If you wish to receive a verified payoff statement you must request one directly from the lender.

11. Movant lacks adequate protection of its interest in the Property and Movant continues to be irreparably injured by the stay of 11 U.S.C. § 362(a).

12. Cause exists for terminating the automatic stay imposed by 11 U.S.C. § 362(a) to enable Movant to avail itself of its rights and remedies under its promissory note, security instrument, and state law, including but not limited to the commencement of foreclosure proceedings against the Property. Maryland Local Bankr. Rule 4001-1(b)(7).

13. In the event the automatic stay under 11 U.S.C. § 362(a) is terminated as to the subject Property, Movant may, at its discretion, discuss, offer and enter into any potential non-bankruptcy loss mitigation agreements, such as a forbearance agreement, a deed-in-lieu agreement or loan modification agreement, with the Debtor.

WHEREFORE, the Movant, its assigns and/or successors-in-interest prays that this Court:

1. Enter an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) of the United States Bankruptcy Code to enable Movant to avail itself of its rights and remedies under the promissory note, deed of trust, and state law, including but not

limited to the initiation of foreclosure proceedings against the Property and to allow successful purchaser to obtain possession of same; and

2. Grant such other and further relief as may be just and necessary.

*/s/ Chetan Gopal*
Chetan Gopal, Esquire
MD Fed. Bar No. 31096
Robertson Anschutz, Schneid, Crane & Partners, PLLC
11350 McCormick Road, EP 1, Suite 302
Hunt Valley, Maryland 21031
Telephone: 844-442-2150
Fax: 240-238-2767
Email: cgopal@raslg.com
*Counsel for Movant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  March 17, 2025 , the following parties were served a copy of the foregoing motion in the manner described below:

<u>*Via* First Class Mail, Postage Prepaid</u>:

Tania D Thomas
10034 Tallahassee Place
Waldorf, MD 20603
*Debtor*

<u>Via CM/ECF Electronic Notice</u>:

Edward C. Christman, Jr.
Christman & Fascetta LLC
809 Gleneagles Court
Suite 310
Towson, MD 21286
*Counsel for Debtor*

Timothy P. Branigan
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046
*Chapter 13 Trustee*


                                                                       */s/ Chetan Gopal*
                                                                       Chetan Gopal, Esquire